# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 04CR1648 BTM |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR RESENTENCING [Doc. #110]** |
| vs. | |
| ANGELICA LOPEZ, | |
| Defendant. | |

On December 16, 2004, a jury found Defendant guilty of three counts of bringing aliens to the United States for commercial advantage, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and three counts of transporting undocumented aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). On May 13, 2005, this Court sentenced Defendant to concurrent five-year terms on all six counts pursuant to U.S.S.G. § 5G1.2(b). The "brings to" counts carried mandatory minimum five-year terms, but the "transports within" counts did not.

Defendant appealed and, on May 7, 2007, an en banc panel of the Ninth Circuit reversed Defendant's "brings to" convictions. See 484 F.3d 1186. Because the Ninth Circuit had taken the case en banc without a three-judge panel decision, it referred Defendant's remaining arguments as to the three "transports within" counts to a three-judge panel for consideration. Id. at 1188. It directed the three-judge panel to affirm the "transports within" convictions if Defendant's remaining arguments were rejected. Id. On May 30, 2007, the three-judge panel affirmed the remaining transportation convictions, and the mandate issued on July 2, 2007.

1   While the appeal was pending before the Ninth Circuit, on November 30, 2006, Defendant submitted a letter to the Ninth Circuit Court Clerk pursuant to Fed. R. App. P. 28(j). See Ex. A. to Government's Opp. [Doc. #111]. In addition to citing supplemental authority, the letter also discussed the possibility that the Ninth Circuit might reverse the "brings to" counts, which carry mandatory minimum sentences, while affirming the transportation counts, which do not. The letter suggested that, "[i]n the event that the Court does so, the appropriate remedy is to vacate the sentence as to the transportation counts. See United States v. Bennett, 363 F.3d 947, 955-56 (9th Cir. 2004)." However, neither the en banc opinion nor the three-judge panel memorandum decision made any reference to this suggestion by the Defendant.

Defendant now asks this Court for resentencing because, in light of the reversal of Defendant's "brings to" convictions, the sentencing package has become "unbundled." See United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000). As the Ninth Circuit explained in Ruiz, although the case was not specifically remanded for resentencing:

> When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes "unbundled." The district court then has the authority to put together a new package reflecting its considered judgment as to the punishment the defendant deserved for the crimes of which he was still convicted.

Id. (citations omitted); accord United States v. Bennett, 363 F.3d 947, 955-56 (9th Cir. 2004); United States v. LaFromboise, 427 F.3d 680, 684-85 (9th Cir. 2005).

The Government opposes Defendant's motion and argues that Defendant's November 30, 2006 Rule 28(j) letter should be considered a request to vacate her sentence on the transportation counts. It attempts to distinguish Ruiz on this issue and suggests that, because the Ninth Circuit's mandate does not vacate Defendant's sentences on the affirmed transportation counts, the Ninth Circuit's silence can only mean that it did not intend for this Court to resentence Defendant on these counts.

The Court, however, does not believe that the Ninth Circuit's failure to address resentencing in either panel's decision is determinative on the issue. The Court finds that it has jurisdiction to consider Defendant's request for resentencing. "[J]urisdiction in a

criminal case revests with a district court once the mandate issues and [] it may consider and decide any matters left open by the mandate." Ruiz, 211 F.3d at 1184.  Furthermore, just as in Ruiz, in this case, "[a]lthough [neither] panel . . . explicitly remand[ed] for resentencing, resentencing [is] not inconsistent with [either] panel's decision." Id.

This case is readily distinguishable from United States v. Cabaccang, 2007 U.S. App. LEXIS 8048 (9th Cir. Mar. 30, 2007), in which the Ninth Circuit upheld a district court's determination that it lacked jurisdiction to resentence after appeal because the en banc appellate panel, which had reversed some of defendants' convictions, had expressly ruled upon and denied two of the defendants' motions to remand for resentencing. United States v. Cabaccang, Nos. 05-10353 and 10354, 2007 U.S. App. LEXIS 8048, at *3-5 (9th Cir. Mar. 30, 2007), referring to decision at 341 F.3d 905 (9th Cir. 2003). Cabaccang distinguished Ruiz and found that resentencing in that case "would have been directly contrary to the express language of [the court's] decision. . . . Both [of the panel's prior decisions] clearly limited the scope of the remand." 2007 U.S. App. LEXIS 8048, at *4-5. In the case at bar, Defendant's Rule 28(j) letter submission was obviously not treated by the Ninth Circuit as a formal motion because neither panel ruled upon the issue of resentencing. Therefore, this Court would not be acting contrary to the Ninth Circuit's mandate if it took up the issue now.

Because the convictions carrying mandatory minimum sentences have been reversed on appeal, the Court finds that Defendant's sentencing package has indeed become "unbundled," and this Court should reconsider sentencing in light of the convictions which remain. Accordingly, Defendant's motion for resentencing is **GRANTED**. A resentencing hearing before this Court is hereby set for August 30, 2007 at 3:00pm.

**IT IS SO ORDERED.**

DATED: August 28, 2007

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge